# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| **J D FACTORS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 1:09-CV-95** |
| | ) | |
| **FREIGHTCO, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff J D Factors, LLC, filed its complaint in this Court on April 14, 2009, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) In its complaint, the Plaintiff alleges that it is "a California limited liability corporation with its principal place of business in Rancho Palos Verdes, Los Angeles County, California and offices in Wheaton, DuPage County, Illinois." (Compl. ¶ 1.) It further alleges that it "is a citizen of the State of California." (Compl. ¶ 1.) The Plaintiff also states that it "is informed and believes, and based thereon alleges, that [Defendant] FreightCo is, and at all relevant times hereto was, an Indiana limited liability corporation with its principal place of business in Fort Wayne, Allen County, Indiana" and that the Defendant "is a citizen of the State of Indiana, and a resident of Allen County, Indiana pursuant to 28 U.S.C. § 1391." (Compl. ¶ 2.)

Plaintiff's complaint, however, is inadequate. To begin, the Plaintiff correctly notes that in a diversity case, "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992));

F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

The Plaintiff's statements that it is a California citizen and that the Defendant is an Indiana citizen, however, are insufficient to allege the limited liability corporations' citizenship.

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of both the Plaintiff and Defendant LLCs to ensure that none of the Plaintiff's members share a common citizenship with the Defendant's members. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of each LLC who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, the Plaintiff is ORDERED to file an amended complaint forthwith, properly alleging the citizenship of each party and tracing the citizenship of all unincorporated

---

*Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

2

associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 17th day of April, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge