# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| JD FACTORS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-CV-95 |
| | ) | |
| FREIGHTCO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a Motion for Leave to File Second Amended Answer and Counterclaim (Docket # 46) filed by Defendant Freightco, LLC, seeking to clarify "that Dennis K. Brankle is no longer a Member or officer of FreightCo, LLC by virtue of his filing personal bankruptcy in February 2008." Plaintiff JD Factors, LLC, however, opposes Freightco's motion, contending that the proposed amendment is contrary to applicable bankruptcy law. (Docket # 49.)  For the following reasons, Freightco's motion will be GRANTED.

### A. Factual and Procedural Background

On April 14, 2009, JD Factors filed this suit seeking collection of outstanding invoices from Freightco on certain accounts receivable that JD Factors purchased from a third party pursuant to a Factoring and Security Agreement.[1] (Docket # 1.) One week later, JD Factors amended its original complaint. (Docket # 11.)

On August 24, 2009, after the Court denied Freightco's motion to dismiss for lack of jurisdiction (Docket # 23, 41), Freightco filed its answer to the amended complaint. (Docket #

---

[1] Diversity jurisdiction exists under 28 U.S.C. § 1332(a). Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

42.) The next day, Freightco amended its answer at the Court's direction to comply with Local Rule 10.1. (Docket # 44.) In its amended answer, Freightco set forth the following language, which is relevant to the instant motion:[2]

> FreightCo admits that it is an Indiana limited liability company with its principal place of business at Fort Wayne, Indiana. Defendant admits the remaining allegations of rhetorical paragraph 2, but notes that the equity interests of Dennis K. Brankle are presently held by his bankruptcy trustee, Dustin Roach, also a citizen of the State of Indiana.

(Am. Answer ¶ 2.)

Then, on September 22, 2009, Freightco filed the instant motion, seeking leave to filed a second amended answer to JD Factors's amended complaint. (Docket # 46.) Freightco's proposed second amended answer sets forth in relevant part:

> FreightCo admits that it is an Indiana limited liability company with its principal place of business at Fort Wayne, Indiana. Defendant asserts that it had four individual members (John R. Adams, Dennis K. Brankle, Bradley S. McDonald and Tracy Shaw). John R. Adams, one of the Members, was and remains Chief Executive Officer. Bradley S. McDonald, also a Member, was and remains President. Dennis K. Brankle was initially a Member and was Vice-president and secretary; however, he resigned as secretary effective November 1, 2007; his filing personal bankruptcy in February 2008 resulted in his disassociation from Membership from FreightCo, LLC pursuant to Article XI, Section 11.01(c) of the Operating Agreement, and also resulted in his termination as Vice-President. Mr. Brankle's remaining rights as a member or former member now belong to his bankruptcy trustee, Dustin Roach. Warren Nerz was originally agent for service of process; but in 2008 Bradley S. McDonald took over as agent for service of

---

[2] This answer was in response to the following allegation by JD Factors in its amended complaint:

Defendant FreightCo is, and at all relevant times hereto was, an Indiana limited liability corporation with its principal place of business in Fort Wayne, Allen County, Indiana. FreightCo has three (3) individual members: John R. Adams, the Chief Executive Officer ("Mr. Adams"); Dennis K. Brankle, the Vice President ("Mr. Brankle"); and Bradley S. McDonald, the President and agent for service of process ("Mr. McDonald"). Mr. Adams, Mr. Brankle, and Mr. McDonald are natural persons and are citizens of the State of Indiana. Therefore, as a limited liability company, FreightCo is a citizen of the State of Indiana.

(Am. Compl. ¶ 2.)

> process. On information and belief, Mr. Adams, Mr. Brankle, Mr. McDonald, Mr. Shaw and Trustee Roach are all citizens of the State of Indiana.

(Proposed Second Am. Answer ¶ 2.)

JD Factors responded to Freightco's motion to amend on October 7, 2009 (Docket # 49), arguing that leave to amend should be denied because Freightco's proposed amendment is "contrary to law" in that it violates the automatic stay provisions of 11 U.S.C. § 362(a) and the prohibition on automatic termination provisions set forth in 11 U.S.C. § 365(e)(1). (Resp. Br. 4.)

### B. Standard of Review

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (alteration in original) (citation omitted); *see United States v. Drayer*, No. F 90-14, 1990 WL 100329, at *4 (N.D. Ind. June 28, 1990). "The court 'should freely give leave when justice so requires.'" *Soltys*, 520 F.3d at 743 (quoting Fed. R. Civ. P. 15(a)(2)); *see Foman v. Davis*, 371 U.S 178, 182 (1962); *Drayer*, 1990 WL 100329, at *4. "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys*, 520 F.3d at 743; *see Foman*, 371 U.S. at 182; *Drayer*, 1990 WL 100329, at *4.

### C. Discussion

Here, JD Factors does not argue that the proposed amended answer is untimely or that it is prejudicial; rather, it solely contends that it is "contrary to law", or in other words, futile. More particularly, JD Factors asserts that the new allegations in the amendment concerning the automatic termination of Brankle's membership and position as Vice-President of Freightco

3

violate the bankruptcy automatic stay provisions articulated in 11 U.S.C. § 362(a) and are premised upon an *ipso facto* clause specifically prohibited by 11 U.S.C. § 365(e)(1).[3]

JD Factors's arguments, however, are unpersuasive. As Freightco suggests, Brankle's service as Vice-President of Freightco may well be more akin to a personal service contract, *see* 11 U.S.C. § 365(c), that is, a contract entered into on the basis of the character, reputation, taste, skill, or discretion of the party that is to render performance, *Midway Airlines, Inc. v. Metro. Airports Comm'n*, 6 F.3d 492, 495 (7th Cir. 1993), rather than an executory contract that is freely assignable by the trustee, *see* 11 U.S.C. § 365(a). Thus, it could remain vested with Brankle, not the bankruptcy trustee. *See, e.g.*, *In re Winer*, 158 B.R. 736, 747-48 (N.D. Ill. 1993) (finding the bankruptcy debtor's service as a member of the board of directors of a nondebtor corporation to be more akin to a personal service contract than an executory contract and, consequently, that the debtor retained his power as a director to wind up the nondebtor corporation's affairs).

In fact, JD Factors has not pointed to any legal authority to support its assertion that service as an officer of a company rises to the level of bankruptcy "property" in the legal sense. *Id.* (reasoning that a corporate officer or director is chosen personally and is the repository of fiduciary obligations in that capacity and thus that such a personal power does not vest in the trustee so as to pass into the bankruptcy estate). Consequently, it is reasonable to infer that, contrary to JD Factors's assertions, Brankle's termination as Vice-President of Freightco likely does not violate the automatic stay concerning his bankruptcy estate.

---

[3] An *ipso facto* clause is a provision in a contract that automatically terminates or modifies a party's rights in the contract upon the occurrence of some event, such as the filing of a bankruptcy petition. *See generally In re Morgan Sangamon P'ship*, 269 B.R. 652, 654 (N.D. Ill. 2001).

Furthermore, though JD Factors is correct that *ipso facto* clauses are generally unenforceable under 11 U.S.C. § 365(e)(1), this does not appear to be a complete statement of the law. Courts have *also* explained that § 365(e)(2) "expressly revives ipso facto clauses in . . . executory contracts that fall within the scope of § 365(c)(1)", that is, in a situation where applicable law excuses a party to the contract from accepting performance from someone other than the debtor. *In re Morgan Sangamon P'ship*, 269 B.R. at 654 (internal quotations marks omitted). Therefore, it stands to reason that the *ipso facto* clause in Freightco's operating agreement is not necessarily unenforceable, considering that Indiana law governing limited liability companies provides that, unless otherwise provided in the company's operating agreement, no person can become a member without the consent of all the members. *See* Ind. Code §§ 23-18-6-4, 6-4.1; *Sable v. Morgan Sangamon P'ship*, 280 B.R. 217, 220 (N.D. Ill. 2002) (finding an *ipso facto* clause in a general partnership agreement valid). In any event, the proposed second amended complaint reflects that Brankle's "remaining rights" as a member inure to the benefit of his bankruptcy trustee, and JD Factors does not contend that this statement is contrary to law.

In short, JD Factors's assertion that Freightco's proposed amendment is "contrary to law" is unconvincing, and it is has not advanced any other reason to preclude the requested amendment. Therefore, considering that leave to amend should be "freely given when justice so requires", Fed. R. Civ. P. 15(a), Freightco's motion to amend its answer will be GRANTED.

### D. Conclusion

For the foregoing reasons, Defendant's Motion for Leave to File Second Amended Answer and Counterclaim (Docket # 46) is GRANTED. The Clerk is directed to show the

5

Second Amended Answer to First Amended Complaint, and Counterclaim (Docket # 46, Attach.) filed.

    SO ORDERED.

    Enter for this 16th day of October, 2009.

    /S/ Roger B. Cosbey
    Roger B. Cosbey,
    United States Magistrate Judge