# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| JD FACTORS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:09-CV-95 |
| | ) | |
| FREIGHTCO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff JD Factors, LLC, brought this action against Defendant FreightCo, LLC, to collect $119,226.95, plus interest, in unpaid invoices assigned to JD Factors by non-party Brankle Brothers Express, Ltd. ("BBX"). (Docket # 1.) FreightCo contended, however, that as a result of various claims of setoff it has against BBX, it owed nothing to JD Factors.

The parties filed cross-motions for summary judgment (Docket # 58, 66), which the Court granted in part and denied in part on July 28, 2010. (Docket # 96.) In doing so, the Court concluded that FreightCo owes JD Factors $119,226.95 less a setoff of $23,369.81 for the remaining uncollected ledger balance owed to FreightCo by BBX.[1] (Docket # 96.)

Now before the Court is JD Factors's motion for prejudgment interest, attorney's fees, and costs in connection with the granting in part of its summary judgment motion. (Docket # 100.) Specifically, JD Factors is seeking $20,330.64 in prejudgment interest, together with $26.13 per day until the judgment is entered; and at least $90,669.01 in attorney's fees and costs.

---

[1] This Opinion and Order assumes the reader is familiar with the factual and procedural background of this case. A more detailed version of the factual and procedural background is set forth in this Court's July 28, 2010, Opinion and Order. (Docket # 96.)

(Docket # 100.)  FreightCo contends, however, that *it* should be awarded prejudgment interest on the amount of its offset and that JD Factors's request should be denied in its entirety.² (Docket # 99, 102.)

For the following reasons, JD Factors's request for prejudgment interest, fees, and costs will be GRANTED IN PART and DENIED IN PART.

## A. *Prejudgment Interest*

JD Factors contends that it is entitled to prejudgment interest on $119,226.95, the amount of its unpaid invoices, at the rate of eight percent (8%) per annum from July 31, 2008, through the date the judgment is entered.  FreightCo, however, claims that there was no fixed, ascertainable balance owing to JD Factors, and thus that JD Factors should not be awarded *any* prejudgment interest.  FreightCo instead argues that *it* should be awarded prejudgment interest at the rate of 8% on its outstanding intercompany ledger balance with BBX for the period of January 31, 2006, through the date of the judgment.

"The award of prejudgment interest is founded solely upon the theory that there has been a deprivation of the plaintiff's use of money or its equivalent and that unless interest is added, the plaintiff cannot be fully compensated for the loss suffered."³ *Crawford County Cmty. Sch. Corp. v. Enlow*, 734 N.E.2d 685, 692 (Ind. App. 2000) (citing *Wedge v. Lipps Indus., Inc.*, 575 N.E.2d 332, 336-37 (Ind. App. 1991)).  "Prejudgment interest is recoverable not as interest but

---

² While FreightCo argues in its brief that it is entitled to prejudgment interest on its offset (Docket # 99), it did not file a separate motion requesting such interest.

³ The parties agree that federal courts sitting in diversity should apply state court rules on prejudgment interest, which in this instance, is the law of the State of Indiana. *Leaf Funding, Inc. v. Brogan Pharm., Inc.*, 642 F. Supp. 2d 844, 856 (N.D. Ind. 2009) ("In a diversity case, prejudgment interest is governed by state law . . . ." (citing *Travelers Ins. Co. v. Transp. Ins. Co.*, 846 F.2d 1048, 1062 (7th Cir. 1988)).

as additional damages to accomplish full compensation." *Id*. (citing *Wedge*, 575 N.E.2d at 336-37). "The crucial factor in determining whether prejudgment interest is proper is whether the damages were ascertainable in accordance with the fixed rules of evidence and accepted standards of valuation at the time the damages accrued." *Wedge*, 575 N.E.2d at 336-37. "Damages in the form of prejudgement interest are warranted in a contract case if the terms of the contract make the claim ascertainable and the amount of the claim rests upon mere computation." *Crawford*, 734 N.E.2d at 692; *see also Wedge*, 575 N.E.2d at 336-37. "Prejudgment interest is computed from the time the principal amount was demanded or due." *Wilson v. Montgomery Ward & Co.*, 610 F. Supp. 1035, 1041 (N.D. Ind. 1985) (citing *Abex Corp. v. Vehling*, 443 N.E.2d 1248, 1260 (Ind. App. 1983)); *see also Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 954 (N.D. Ind. 2005).

Applying this legal standard in the instant circumstances, the award of prejudgment interest is warranted because the damages rest upon a mere computation. To explain, neither party disputes that on July 31, 2008, FreightCo sent an email to JD Factors declaring that it was ceasing payments on the outstanding invoices it owed to BBX due to obtaining a state court judgment against BBX on July 9, 2008, in excess of that amount. Likewise, neither party disputes that as of July 31, 2008, the amount of JD Factors's outstanding invoices totaled $119,226.95 and the amount of FreightCo's offset for the remaining uncollected balance of the intercompany account with BBX was $23,369.81. That is, FreightCo did not dispute the actual amount of JD Factors's outstanding invoices but simply argued that it was entitled to setoffs; likewise, JD Factors disputed only whether FreightCo was entitled to setoffs, not the amounts of the actual setoffs. Thus, the monetary amounts are not in dispute, only the parties' entitlement to

3

them. As a result, the amount of damages here rests upon a mathematical computation.

As to that computation, both parties agree that a prejudgment interest rate of 8% is indicated under Indiana law. *See* Ind. Code § 24-4.6-1-102 ("When the parties do not agree on the rate, interest on loans or forbearances of money, goods or things in action shall be at the rate of eight percent (8%) per annum until payment of judgment."); *Vera Bradley Designs, Inc. v. Dogmatic, Inc.*, No. 1:09-CV-263, 2010 WL 909070, at *2 (N.D. Ind. Mar. 10, 2010). After that, however, neither party gets the computation exactly right, although JD Factors comes the closest.

To explain, JD Factors applies the 8% rate of interest to $119,226.95, the amount of its outstanding invoices as of July 31, 2008, and completely disregards FreightCo's offset of $23,369.81. However, it is undisputed that FreightCo obtained the default judgment in state court on July 9, 2008, and then raised it as an offset to JD Factors on July 31, 2008. *See generally Wolf Lake Terminals*, 433 F. Supp. 2d at 954 (stating that prejudgment interest is computed from the time the principal amount was demanded or due). To reiterate, "the purpose of prejudgment interest is to compensate a party for having been deprived the use of his money . . ." *Willie's Constr. Co. v. Baker*, 596 N.E.2d 958, 964 (Ind. Ct. App. 1992) (quoting *Koppers Co. v. Inland Steel Co.*, 498 N.E.2d 1247, 1256 (Ind. Ct. App. 1986)). Here, FreightCo was deprived of the use of $23,369.81 since July 9, 2008. The computation of JD Factors, who stands in the shoes of its assignor BBX, is off the mark because it fails to address this deprivation.

As to FreightCo's computation, it falls much farther afield. It produces a so-called "complete accounting" of the intercompany account between it and BBX for the period of

January 31, 2006, through March 12, 2008, the date it states the intercompany account relationship ended. (FreightCo's Br. Concerning Prejudgment Interest and Att'y Fees ("FreightCo's Br.") 1.) It then applies the 8% rate of prejudgment interest to "the account balance from transaction to transaction", "applying all new credits and payments first to accrued interest and then to principal." (FreightCo's Br. 2.) As a result, FreightCo arrives at an outstanding intercompany account balance of $35,645.91 as of July 31, 2008, *not* $23,369.81 as it represented at summary judgment. Then, FreightCo applies the 8% rate of interest on that $35,645.91 from March 12, 2008, through July 28, 2010 (the date of this Court's Order on the motions for summary judgment), arriving at setoff of $42,424.19, an amount *almost twice that* of the actual setoff it claimed on summary judgment based on the intercompany account between it and BBX.

FreightCo's proposed computation of prejudgment interest is, for the most part, utterly unconvincing, as it significantly departs from the record it created on summary judgment. John Adams, FreightCo's Chief Executive Officer and the individual who performed the "accounting", admitted that FreightCo did not incur or charge interest to the intercompany account at the time the account entries were made. (Adams Aff. ¶ 4.) Moreover, FreightCo did not expressly seek interest on the intercompany account balance of $23,369.81 when it sued BBX in state court, and no interest was awarded in the default judgment against it. (Second Am. Answer 13, Ex. A); *see* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Therefore, FreightCo's attempt to now tack on 8% interest to the intercompany account balance for any period prior to July 9, 2008, the date it obtained the default judgment against BBX in state court, is unwarranted and a

significant departure from the record it created, and thus must be denied.

The accurate computation is relatively straightforward in this case. Applying 8% per annum to $23,369.81 (the principal amount of FreightCo's) from July 9, 2008 (the date of the default judgment), to July 31, 2008 (the date from which JD Factors is requesting prejudgment interest), amounts to $112.69. Adding this amount, $112.69, to the principal amount of FreightCo's offset, $23,369.81, brings the offset to $23,482.50 as of July 31, 2008, the date from which JD Factors is seeking an award of prejudgment interest. Deducting that offset, $23,482.50, from $119,226.95, JD Factors's outstanding invoice amount, results in a balance due to JD Factors of $95,744.45 as of July 31, 2008. *See generally id.* ("[A] plaintiff should recover prejudgment interest only on the balance due after taking into account a defendant's offsetting counterclaim." (citing *Koppers Co.*, 498 N.E.2d at 1256)); *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 772 F.2d 1329, 1335-36 (7th Cir. 1985). Applying the interest rate of 8% per annum to $95,744.45 for the period of July 31, 2008, through October 25, 2010 (816 days), results in $17,127.83 in prejudgment interest. Consequently, JD Factors's motion for prejudgment interest will be granted in part and denied in part in that it will be awarded $17,127.83 in prejudgment interest, which equates to $20.99 per day, not $26.13 per day as it requested.

### B. Attorney's Fees

JD Factors also contends that it is entitled to recover its attorney's fees as a sanction under Federal Rule of Civil Procedure 37(c)(2) for FreightCo's alleged "failure to admit the truth of the matter asserted pursuant to certain requests for admissions." (Pl.'s Br. in Supp. 6.) Specifically, JD Factors argues that FreightCo refused to admit the truth of five different requests for admission designed to demonstrate its knowledge of the assignment of the BBX

6

accounts to JD Factors, forcing JD Factors to prove such knowledge and incur $90,669.01 in attorney's fees and costs as a result. JD Factors's plea for fees, however, is unpersuasive.

Rule 37(c)(2) states:

If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

(A) the request was held objectionable under Rule 36(a);
(B) the admission sought was of no substantial importance;
(C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
(D) there was other good reason for the failure to admit.

*See Hicklin Eng'g, L.C. v. R.J. Bartell*, No. 00-C-1516, 2005 WL 3805914, at *1 (E.D. Wis. Mar. 31, 2005); *Boyle v. Leviton Mfg. Co.*, 94 F.R.D. 33, 36 (S.D. Ind. Dec. 23, 1981). In determining the amount of fees that should be awarded under Rule 37(c)(2), a court looks "for a sufficient causal nexus between the expenses claimed, and the failure to admit." *Hicklin Eng'g*, 2005 WL 3804914, at *1 (citation omitted). That is, a party is "only entitled to those expenses incurred in obtaining and proffering the evidence necessary to prove those facts which they would not have had to prove if the [other party] had admitted the . . . requests for admission."[4] *Id*.

Here, in Request for Admission No. 2, JD Factors asked that FreightCo admit "that

---

[4] A party seeking an admission may move to test the sufficiency of any response to its request. Fed. R. Civ. P. 36(a)(6). If the response is deemed insufficient, the court may deem the matter admitted or order that a proper response be provided. Fed. R. Civ. P. 36(a)(6). Here, JD Factors never moved to test the sufficiency of any response to its Requests for Admission. A failure to make a motion under Rule 36(a), however, does not bar the recovery of sanctions under Rule 37(c). *See House v. Giant of Maryland, LLC*, 232 F.R.D. 257, 260 (E.D. Va. 2005) ("The courts uniformly hold that a pre-trial motion is not a prerequisite to relief under Rule 37(c)(2); *Apex Oil Co v. Belcher Co. of New York*, 855 F.2d 1009, 1015 (2nd Cir. 1988) (stating that even if a party fails to make a motion under Rule 36(a), a party may recover sanctions under Rule 37(c)).

7

FreightCo knew that JD Factors claimed a right to payment on Brankle Brothers' accounts." (Manalili Aff. Ex. B.) FreightCo responded: "FreightCo admits that JD Factors claimed a right to payment from Brankle Brothers Express pursuant to what it understood to be a revolving account, but denies that it knew that JD Factors claimed a direct right to payment from FreightCo, LLC upon any account indebtedness FreightCo, LLC may have owed to Brankle Brothers Express." (Manalili Aff. Ex. B.)

As JD Factors sees it, FreightCo failed to admit the truth of the matter in response to Request No. 2 because even though FreightCo admitted that it knew JD Factors claimed a right to payment on BBX's accounts, it denied that JD Factors claimed a direct right to payment *from FreightCo* on BBX's accounts. Of course, "[a] party may only be sanctioned for failing to admit 'the truth of any matter as requested.'" *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994) (quoting Fed. R. Civ. P. 37(c)). Here, FreightCo did indeed answer and admit the specific question asked—that is, it admitted it knew that JD Factors claimed a right to payment on BBX's accounts. "Sanctions should be imposed . . . for the failure to admit specific requests *as actually made*." *Apex Oil Co.*, 855 F.2d at 1017 (emphasis added); *see also Marchand*, 22 F.3d at 938.

Furthermore, with respect to its denial that it knew JD Factors claimed a direct right to payment from it upon any account indebtedness it may have owed to BBX, FreightCo "had a reasonable ground to believe that it might prevail on the matter". Fed. R. Civ. P. 37(c)(2)(C). On summary judgment, FreightCo asserted that it did not have "knowledge" of the assignment of its accounts from BBX to JD Factors because FreightCo purportedly never received the "Notice of Assignment" that JD Factors attached to the Complaint and claimed it sent to FreightCo via U.S. Mail on August 20, 2007. (Op. and Order, July 28, 2010, at 4; Compl. ¶ 7, Ex. C.) Ultimately, in

light of account clerk Traci Niverson's preparation of the Schedule of Accounts detailing the assigned BBX accounts, the Court ruled otherwise with respect to FreightCo's "knowledge" of the assignment, concluding that its assertion was not sufficient to create a genuine issue of material fact to survive summary judgment.

Nevertheless, despite the Court's ultimate conclusion, FreightCo's alleged failure to receive JD Factors's authenticated "Notice of Assignment" provided FreightCo with a reasonable ground to believe that it might prevail on the subject matter of Request No. 2—its lack of "knowledge" of the assignment—particularly in light of the dearth of Indiana case law addressing the relevant "notification" statute, Ind. Code § 26-1-9.1-404(a). Therefore, Rule 37(c) sanctions based on Request for Admission No. 2 are not warranted. *See* Rule 37 Advisory Committee Notes, 1970 Amendment, subdivision (c) ("[T]he true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might."); *see, e.g.*, *Mane v. Tri-City Healthcare Dist.*, No. 05cv397-WQH (CAB), 2007 WL 935624, at *4 (S.D. Cal. Mar. 21, 2007) (denying sanctions where certain evidence was not sufficient to create a genuine issue of material fact, but plaintiffs acted reasonably in believing that it might); *United States v. Menominee Tribal Enters.*, No. 07-C-316, 2010 WL 2465505, at *8 (E.D. Wis. June 15, 2010) (refusing to award Rule 37(c)(2) sanctions where plaintiff couched its requests to admit in such a language that defendants were not merely asked to stipulate to an undisputed fact, but to concede the essence of its case).

JD Factors also contends that FreightCo failed to admit the truth of the matter in response to Requests for Admission Nos. 3 through 5. FreightCo was asked to admit in Request No. 3 that it "made payments to JD Factors"; in Request No. 4 that it "made payments to JD Factors

9

pursuant to Brankle Brothers' accounts"; and in Request No. 5 that it "made payments to JD Factors due to accounts owed by FreightCo to Brankle Brothers". (Manalili Aff. Ex. B.) FreightCo denied each of these Requests, stating that it made payments "to Brankle Brothers Express in care of JD Factors, including wire transfers". (Manalili Aff. Ex. B.) JD Factors conclusorily asserts that FreightCo's answers are false but fails to explain how; nor is their falsity apparent. The record on summary judgment indeed reflects that the checks FreightCo sent to JD Factors were made payable to BBX with a notation "c/o JD Factors". (Op. and Order, July 28, 2010, at 5 (quoting Adams Aff. ¶ 39, Ex. 8).) Thus, sanctions are not warranted based on FreightCo's responses to Request Nos. 3, 4, or 5.[5] *See Toddco, Inc. v. Nextel West Corp.*, No. 2:04-CV-03, 2006 WL 1128505, at *3 (N.D. Ind. Apr. 24, 2006) (denying Rule 37(c) sanctions where defendant did not allege a factual basis to support such sanctions).

Therefore, for the foregoing reasons, JD Factors's request for attorney's fees as a sanction under Rule 37(c)(2) will be denied.

## C. Costs

Finally, JD Factors contends that it is the prevailing party in this suit and thus is entitled to an award of its costs of suit pursuant to Federal Rule of Civil Procedure 54(d)(1). *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise,

---

[5] JD Factors also cites to Request for Admission No. 6 one time in its brief but fails to develop an argument with respect to this Request. (*See* Pl.'s Br. in Supp. 8.) Of course, "undeveloped arguments are waived." *Kochert v. Adagen Med. Int'l, Inc.* 491 F.3d 674, 679 (7th Cir. 2007); *see also United States v. Turcotte*, 405 F.3d 515, 536 (7th Cir. 2005) ("In this circuit, unsupported and undeveloped arguments are waived."); *Smith v. Ne. Ill. Univ.*, 388 F.3d 559, 569 (7th Cir. 2004).

In any event, Request No. 6 asked FreightCo to admit that it "entered into a payment plan agreement with JD Factors regarding payments on Brankle Brothers Accounts", and FreightCo admitted this Request with respect to "certain wire transfers and wire transfer payments" but otherwise denied it. (Manalili Aff. Ex. B.) As with its responses to Request Nos. 3 through 5, JD Factors fails to explain how FreightCo's answer is misleading; nor is its falsity apparent. Therefore, Request No. 6 also does not serve as a basis for sanctions.

costs–other than attorney's fees–should be allowed to the prevailing party."). FreightCo does not dispute this contention. (*See* Def.'s Resp. 1.) Therefore, JD Factors will be awarded its costs of suit, pending its submission of a Bill of Costs.

### *D. Conclusion*

Based on the foregoing, the Plaintiff's Motion for Costs as Prevailing Party, for Prejudgment Interest; and for an Award of Attorney's Fees (Docket # 100) is GRANTED IN PART in that Defendant owes Plaintiff prejudgment interest in the amount of $17,127.83, and its costs of suit, pending Plaintiff's submission of a Bill of Costs. Plaintiff's Motion is otherwise DENIED. Pursuant to the Court's Opinion and Order dated July 28, 2010 (Docket # 96), Defendant also owes Plaintiff $95,857.14.

The Clerk is directed to enter judgment in the amount of $112,984.97, plus costs, in favor of the Plaintiff and against the Defendant.

SO ORDERED.

Entered this 25th day of October, 2010.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
